IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASSOCIATION OF EGYPTIAN-AMERICAN
SCHOLARS, INC., MOHAMED ATTALLA,
MOHAMED HEGAB, ALY MANSOUR,

                          Plaintiffs,

     v.

LOFTI GERIESH and
MAHMOUD FAWZY WAGDY,

                          Defendants.

ORDER

09-cv-772-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This case was filed in December 2009. In April 2010, defendant Mahmoud Fawzy Wagdy filed a motion to dismiss the complaint against him on the ground that he was not subject to jurisdiction in this district. After the motion had been briefed, I concluded that it could not be decided without an evidentiary hearing because certain factual matters were in dispute. In the order, which was issued on June 15, 2010, I scheduled an evidentiary hearing for July 29, 2010.

       A month later, defendant Wagdy's counsel filed an ex parte motion for an extension of the hearing date for two to two and a half months later, saying that defendant was

1

traveling outside the United States and would not return to this country until late August, at which time counsel would be too busy preparing for trial in another case to appear here. He suggested a new date for the hearing in late September or early October.

At the outset, I admit some confusion about why defendant's motion is labeled "ex parte." Generally, an ex parte motion is one that is not made known to opposing counsel. An example might be a request for the appointment of an investigator in a criminal case in which the defendant is being represented by court appointed counsel and needs court approval for the appointment. In such an instance, it is obvious why counsel would not want opposing counsel to know of his plans. It is definitely not obvious why a lawyer would want to request a continuance of an evidentiary hearing without letting opposing counsel know. However, with electronic filing, copies of all motions are sent electronically to opposing counsel unless the motion is sealed by order of the court. I will assume that plaintiffs are aware of this motion for a continuance.

Defendant's counsel are from California and are appearing here pro hac vice. Dkt. #7. It appears that they are not aware of this court's policies and practices, although it is their obligation to gain that familiarity if they undertake to provide representation here. They should know that this court makes every effort to resolve cases promptly, which means in less than a year in the majority of cases.

Before deciding defendant's motion, I will ask counsel to advise the court whether he

made defendant aware of the need to be in Madison on July 29 before defendant left the country; whether co-counsel, Roger Buffington, can represent defendant at an evidentiary hearing on September 15, 2010 at 9:00 a.m. in Madison and if not, why not; and when counsel learned about the September trial in California.

Entered this 20th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge