IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASSOCIATION OF EGYPTIAN-
AMERICAN SCHOLARS, INC.,                         OPINION AND
MOHAMED ATTALLA,                                     ORDER
MOHAMED HEGAB,
TAWFIK AYOUB, and                                  09-cv-772-bbc
ALY MANSOUR,

                        Plaintiffs,

   v.

LOTFI GERIESH,
MAHMOUD FAWZY WAGDY

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Association of Egyptian-American Scholars, Inc., Mohamed Attalla, Mohamed Hegab, Tawfik Ayoub and Aly Mansour have moved for leave to serve defendant Lotfi Geriesh by publication. Plaintiffs have briefed the issue and have submitted evidence on the matter. I conclude from plaintiffs' affidavits and documentary evidence that plaintiffs were reasonably diligent in attempting to serve process on defendant Geriesh. Accordingly, plaintiff's motion for leave to serve defendant Geriesh by publication will be granted.

1

FACTS

On February 23, 24, 25, March 15, 16 and April 13 and 14, 2010, plaintiffs' private process server attempted to serve defendant with a summons at addresses plaintiffs believed were defendant's home and business office. After the process server's attempts were unsuccessful, and plaintiffs received an extension of time to serve defendant, plaintiffs hired new process servers.

On or before July 31, 2010, the process servers conducted a search and obtained the information that defendant's last known address was 5601 Seminary Rd., #1304N, Falls Church, Virginia 22041 and that defendant had used two other addresses in recent years.

One of the process servers attempted to serve defendant at these three addresses on July 31, 2010, but learned from the current residents and the leasing office at these locations that defendant was either unknown at the address or had moved out years before without leaving a forwarding address.

On August 2, 3, 5, 9, 16, 18 and 19, 2010, the process servers attempted to serve defendant at the address plaintiffs believed was his business office, 5827 Columbia Pike, Suite 414, Falls Church, Virginia 22041, but they did not receive any responses after repeated attempts. One of the process servers spoke to the occupants at a neighboring business suite on August 3 and was informed that they had not seen anyone in defendant's suite for a month and did not have any contact information for defendant. The same process

server also spoke to the leasing agent for the business office on August 6, but the agent did not have any additional information regarding defendant except for a telephone number. Another one of the process servers spoke to the occupants at a neighboring suite on August 9 and 19 and was told that the occupants are in their office on a daily basis, but they had not seen anyone in defendant's suite in more than a month.

The process servers conducted a Virginia Department of Motor Vehicles search and obtained the information that defendant has three motor vehicles registered in his name with his last known address, 5601 Seminary Rd., #1304N, Falls Church, Virginia, at which personal service had previously been attempted. The process servers also conducted a search on the telephone number that was given to them by the leasing office and found that the number was an active wireless phone number in defendant's name, and the bill was being sent to defendant's last known address of 5601 Seminary Rd., #1304, Falls Church, Virginia. Further, on August 13, 2010, the process servers mailed a "postal tracer" to defendant's last known address, 5601 Seminary Rd., #1304, Falls Church, Virginia, but as of August 24, 2010, the tracer had not been returned. (Plaintiffs do not explain what a "postal tracer" is.)

OPINION

As the Court of Appeals for the Seventh Circuit has explained, "valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." Swaim v.

3

Moltan Co., 73 F.3d 711, 719 (7th Cir. 1996) (citing Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103 (1987)). "Valid service of process comprises more than actual notice; it requires a legal basis for holding the defendant susceptible to service of the summons and complaint." Id. Fed. R. Civ. P. 4(e) sets out the rules governing service of process on an individual. It reads:

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiffs have not accomplished service of the summons and complaint on defendant pursuant to the methods described in Rule 4(e)(2). It is apparent from the record that plaintiffs were never able to locate defendant's home, receive any response from anyone at

4

the business office purported to be defendant's or speak to any individuals who knew of defendant's whereabouts. Therefore, service of process will be sufficient only if plaintiffs accomplish service in accordance with Wisconsin law, as allowed under Rule 4(e)(1).

Under Wis. Stat. § 801.11(1)(c), a plaintiff may serve a defendant by publication "if with reasonable diligence the defendant cannot be served" personally by leaving a copy at the defendant's home with a person of suitable age and discretion who resides there or by delivering a copy to an agent authorized to receive service of process. "Reasonable diligence" requires a plaintiff to "exhaust with due diligence any leads or information reasonably calculated to make personal service possible." West v. West, 82 Wis. 2d 158, 166, 262 N.W.2d 87, 90 (1978). "Due diligence" has been defined as the diligence "which is reasonable under the circumstances and not all possible diligence which may be conceived." Haselow v. Gauthier, 212 Wis. 2d 580, 589, 569 N.W.2d 97, 101 (Ct. App. 1997).

The exact parameters of reasonable diligence are not defined, but Wisconsin case law provides some guidance. In Welty v. Heggy, 124 Wis. 2d 318, 325 n.3, 326, 369 N.W.2d 763, 767 n.3, 768 (Ct. App. 1985), the court of appeals concluded that plaintiffs exercised reasonable diligence to serve defendant because the deputy sheriffs had made repeated attempts, nineteen in total, to serve defendant personally. The court also noted that the deputies further inquired about defendant's whereabouts by speaking to other deputies, town

5

officers and the town clerk, and these inquires resulted in information about a location where defendant might be found. Id. at 325, 369 N.W.2d at 767. The deputy attempted service at that location but was unsuccessful, and no one at that location had heard of defendant. Id. At the other end of the spectrum, the Wisconsin Court of Appeals has concluded that a single attempt at service does not constitute reasonable diligence where information is obtained as a result of that attempt, but plaintiff does not follow up with an additional attempt at service. Haselow, 212 Wis. 2d at 588-89, 569 N.W.2d at 100-01.

Thus, in some instances, part of "reasonable diligence" may include performing an investigation into defendant's whereabouts. West, 82 Wis. 2d at 166-67, 262 N.W.2d at 90 (husband could have located wife for service by contacting any of several members of his or her immediate family with whom he stayed in contact); see also Haselow, 212 Wis. 2d at 588-89, 569 N.W.2d at 100-01 (plaintiff should have attempted to determine whether defendant had other relatives, friends, neighbors, or business associates who had relevant information as to his whereabouts after receiving information from defendant's father that defendant was located in another state). At the same time, "reasonable diligence" may not require the pursuit of a remote source for an address or location of the defendant. Welty, 124 Wis. 2d at 328, 369 N.W.2d at 768.

Plaintiffs' repeated attempts to serve defendant personally were thorough enough to

6

count as "reasonable diligence" under Wisconsin law. Plaintiffs' process servers' combined efforts totalled nineteen attempts to personally serve defendant at his home and office. After the first process server was unable to serve defendant at particular addresses, the second group of process servers searched for defendant's last known address and other addresses used by defendant in the past few years and attempted service at all the addresses they found in the search. In addition, they inquired of the current residents, leasing agents and occupants at neighboring business suites about defendant's whereabouts and sought any additional information regarding defendant. Finally, the process servers searched for defendant's motor vehicle records, telephone records and postal address, all of which showed that defendant was located at an address they had already attempted to serve.

Under the circumstances of this case, "reasonable diligence" does not require plaintiffs to determine whether defendant has relatives or friends who have information as to his whereabouts, given the efforts they have made, particularly when there is no reason to suspect that plaintiffs would know of any relatives or friends who have information about defendant's location. To require plaintiffs to hunt down unknown relatives is more than "reasonable diligence" requires.

I conclude that plaintiffs exercised reasonable diligence in attempting to serve defendant Geriesh and that service by publication pursuant to Wis. Stat. § 801.11(1)(c) is

appropriate in this case.

## ORDER

IT IS ORDERED that plaintiffs' motion for leave to serve defendant Geriesh by publication is GRANTED.

Entered this 15th day of September, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge